# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

July 25, 2019

**VIA ECF**

Hon. James Orenstein  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

         **Re:** *Monzon Barrios v. Gusto Thai Inc.. et al.*  
            Case No. 18-cv-1098-ARR-JO

Your Honor:

  This office represents Plaintiff Deybi Monzon Barrios ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff on the one hand, and Gusto Thai Inc. (d/b/a Tum & Yum), Tum Yum Plus Inc. (d/b/a Tum & Yum), Mung Mee Thai Inc. (d/b/a Prik Thai Kitchen), Jakrapop Panurach, Patchanee Taitong, and Wachara Nittayarot (collectively, "Defendants," and together with Plaintiff, the "Settling Parties"), on the other hand.

  The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before Your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

  While the Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the Parties believe that the settlement is nevertheless fair and reasonable, as discussed herein.

**Plaintiff's Allegations**

  Plaintiff is a former employee of the Defendants, who own and operate two Thai restaurants, one located at 917 Columbus Avenue, NY, NY 10025 ("Manhattan location"), the other located at 47-16 30th Avenue, Astoria, NY 11103 ("Queens location"). Plaintiff worked from approximately March 2014 until January 14, 2018, as a delivery worker at the two locations. Plaintiff worked from approximately March 2014 until on or about June 8, 2014 at the Manhattan location five days per week, and worked one day per week at the Queens location. Thereafter, Plaintiff worked exclusively at the Queens location. As the damages calculation attached hereto indicates, Plaintiff worked between fifty-six and one-quarter (56.25) and seventy-nine (79) hours per week throughout the course of his employment. Despite working significant overtime, Defendants impermissibly paid Plaintiff a fixed daily salary which did not adequately compensate him for his hours worked.

Hon. James Orenstein
June 26, 2019
Page 2 of 4

Plaintiff therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and spread of hours pursuant to the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

## **The Settlement**

Plaintiff alleges he is entitled to unpaid back wages and spread of hours pay of approximately $124,048.69. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $314,043.27, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as **Exhibit B**.

Defendants' Answer denied almost all of Plaintiff's allegations. Specifically, Defendants produced wage notices (in both English Spanish, the plaintiff's native language) for the year 2014-2017. Based on the said wage notices, the plaintiff was paid at a rate of $8.00/hour in 2014, $8.75/hour in 2015 and $7.50 (plus $3.50/hour tip credit) thereafter until the end of employment.

In addition, Defendants also produced wage statements for 2016 and 2017, most of which bear the plaintiff's signatures acknowledging the recorded working hours. The said wage statements show that the plaintiff worked about 58.5 hours/week in 2016 and about 48.5 hours/week in 2017. The said wage statements also accounted for all the spread of hours payments. Defendants also produced tip records that give inference that the tips the plaintiff received well exceeded the tip credits.

In short, Defendants may owe very little unpaid wages, overtime, spread of hours, if any, to the plaintiff for the year 2016 and 2017. For year 2014 and 2015, the wages owed may be computed as follows:

03/01/2014 – 06/08/2014: (40 x 8 + (69.25 - 40) x 8 x 1.5 – 510) x 14 = $161 x 14 = $2,254
06/09/2014 – 12/30/2014: (40 x 8 + (79 - 40) x 8 x 1.5 – 490) x 29 = $298 x 29 = $8,642
12/31/2014 – 03/29/2015: (40 x 8.75 + (79 - 40) x 8.75 x 1.5 – 490) x 13 = $371.88 x 13 = $4,834.38
03/30/2015 – 12/30/2015: (40 x 8.75 + (69.75 - 40) x 8.75 x 1.5 – 600) x 39 = $140.49 x 39 = $5,479.11

Therefore, the total wages owed, assuming the plaintiff worked for almost 70 hours/ week for more than a year and almost 80 hours/week for almost, with no break at all during any working days, would be about $20,000.

Moreover, Defendants produced the restaurant's federal tax return demonstrating that its annual revenues were uniformly lower than $500,000. The defendant restaurant had a revenue of $314,809.00 in 2014, $369, 276 in 2015, $415,829 in 2016, and $426,787 in 2017. Therefore, it is

likely that FLSA may not apply to this action, without which this Court may not have supplemental jurisdiction over NYLL matter.

In order to avoid the potentially significant and unanticipated burdens and expenses in establishing their respective positions through further litigation, as well as the risks associated with Defendants' ability to satisfy a potential favorable judgment for Plaintiff after trial (defendants restaurants were closed more than 18 months ago), the Settling Parties have agreed to resolve this action for the total sum of $30,000.00, which will be paid as outlined in **Exhibit A**.

Plaintiff proposes that, pursuant to the settlement agreement, $10,000 of the settlement amount be paid to Plaintiff's attorneys, which represents just slightly less than two times their lodestar. Plaintiff would receive $20,000.

Further, the Parties have been represented by counsel, experienced in wage and hour litigation, throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel, with the assistance of a mediator assigned through the Court's mediation program, negating the possibility of fraud or collusion.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel proposes to receive $10,000, slightly less than double their lodestar amount.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, including a settlement conference before Your Honor, Plaintiff submits that his requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel obtained a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

> Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment

discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of their clients. Plaintiff's interests have thus been adequately safeguarded.

Therefore, the Parties respectfully submit that the Agreement is fair and reasonable, and therefore jointly request that the Court issue an order approving the Agreement as fair and reasonable, dismissing all claims against Defendants with prejudice, directing the Clerk of the Court to close the case, except that the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Bingchen Li, Esq. (via ECF)
*Attorney for Defendants*